# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1410
_____

United States of America

*Plaintiff - Appellee*

v.

Xavier Murry, also known as Xavier Murray

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Delta
_____

Submitted: April 13, 2026
Filed: August 12, 2026
[Published]
_____

Before LOKEN, SHEPHERD, and STRAS, Circuit Judges.
_____

PER CURIAM.

Detectives executed a search warrant of Defendant Xavier Murry's residence and found a large quantity of drugs, digital scales, and a pistol. Murry pleaded guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).

Murry's plea agreement included a broad waiver of his right to appeal non-jurisdictional sentencing issues, with an exception "if the sentence is above the Guideline range that is established at sentencing and if the defendant makes a contemporaneous objection." At his plea hearing, Murry informed the district court[1] he had reviewed the plea agreement with his attorney and understood it. The court explained that it had the power to vary upward and that Murry was giving up most of his appeal rights, and Murry reaffirmed he understood the court's authority.

At sentencing, the court calculated an advisory guidelines range of 140-175 months imprisonment based on a total offense level of 29 and criminal history category of V. The court varied upward and imposed a 204-month sentence. The court explained that this was one of the more serious drug trafficking offenses because it involved a significant amount of methamphetamine, many different types of drugs, a lot of cash, and a firearm that he was forbidden from possessing as a felon. The court also placed great weight on Murry's criminal history, which included "Hollywood-level violence against women," emphasizing a 2017 conviction for Criminal Confinement, in which Murry received just a three-year sentence for raping and strangling a woman until she was unconscious after she declined his advances. The court stated this was "among the worst conduct that I have ever seen since I've been on the bench" and that Murry's sentence was "crazy low." In another incident, in which Murry choked a woman until she thought she was going to pass out, he was convicted of a misdemeanor and then violated a No Contact Order with the victim by pressuring her to drop the charges. As the court aptly summarized, "[t]his is a recipe for someone getting seriously hurt or dying."

After announcing its sentence, the court reminded defense counsel that Murry's plea agreement required a contemporaneous objection to appeal the upward variance.

---

[1]The Honorable Lee P. Rudofsky, United States District Judge for the Eastern District of Arkansas.

After conferring with his client, defense counsel announced that Murry did not plan to appeal.  The court responded:

> COURT: [S]o your point, I think, is you have advised Mr. Murry [that he must object if he wants to appeal], and Mr. Murry has told you that he does not want to appeal, and so that is why you are not making the contemporaneous objection.  Do I have all that correct?
>
> DEFENSE COUNSEL: That's my understanding, Your Honor.
>
> COURT: Mr. Murry, is that all correct?
>
> MURRY: Yes, sir.

Murry nonetheless appeals, arguing his sentence is substantively unreasonable because the court placed too much weight on his criminal history.

"We will enforce an appeal waiver if the issue on appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered the plea agreement, and enforcing it would not result in 'a miscarriage of justice.'"  United States v. Bradford, 113 F.4th 1019, 1024 (8th Cir. 2024), cert. denied, 145 S. Ct. 1180 (2025).  Here, Murry's appeal is within the scope of the waiver because he did not contemporaneously object, and the change-of-plea hearing transcript establishes that Murry knowingly and voluntarily entered into the agreement.

In Hunter v. United States, resolving a circuit split, the Supreme Court held that in the sentencing context an appeal waiver "cannot be enforced if doing so would result in a miscarriage of justice."  146 S. Ct. 1702, 1709 (2026).  The Court explained that this rule:

> properly understood and applied, sets a high bar:  The waiver may be set aside only if the sentence is marred by the kind of egregious error that

would bring the judicial system into disrepute. The error must be obvious -- not one a judge could reasonably make. And it must be of the type that would undermine public confidence in the judiciary.

Id. at 1713. Here, Murry did not object to the sentence at the sentencing hearing, his appeal brief ignored the appeal waiver entirely, and the district court imposed a sentence that included an upward variance based on the heinous nature of Murry's prior crimes. Enforcing the appeal waiver would not result in a miscarriage of justice as defined by the Supreme Court in Hunter and in our prior controlling opinions.

Accordingly, we dismiss the appeal.

_____